STATE, Respondent v. LANGE, Appellant

(146 N.W.2d 196)

(File No. 10311. Opinion filed November 10, 1966)

**William F. Day, Jr.,** of **Maule, Maule, Day & Maulis,** Winner, for defendant and appellant.

**Frank L. Farrar,** Atty. Gen., **Walter W. Andre,** Asst. Atty. Gen., Pierre, for plaintiff and respondent.

PER CURIAM:

After trial to a jury during which defendant was represented by counsel he was found guilty of manslaughter in the first degree. On November 12, 1965, judgment was entered sentencing him to a term of six years in the penitentiary. His trial counsel secured a stay of execution and served and filed a notice of appeal. Thereafter defendant was admitted to bail by a judge of this court and the record remanded to the trial court to permit him to move for a new trial. This was denied. The record on appeal was settled on June 24, 1966. Pursuant to SDC 1960 Supp. 33.0745 defendant had sixty days after that date to serve and file his brief. This was not done nor was any extension of such time sought.

On October 7th the state filed in this court a motion to dismiss defendant's appeal on the ground that he had not served or filed his brief. At the hearing of this motion the defendant appeared with counsel, not the one who had previously represented him, and requested that he be granted additional time in which to serve and file his brief. His claim is that he did not know he was in default until shortly after September 15th when he engaged his present counsel who examined the record and so advised him.

From the statement of counsel who had represented defendant at his trial and instituted and carried forward the appeal proceedings on his behalf, it appears that he had not advised defendant as to the time when his brief had to be furnished. It also appears therefrom that defendant did not perform his agreement to pay counsel fees and expenses for his appeal. Because of this failure on his part counsel did not proceed further with the appeal, but he did not inform defendant of this fact

until after the occurrence of the default which is the basis of the motion to dismiss. As soon as he learned of his counsel's withdrawal defendant engaged his present counsel.

Until advised of the contrary the defendant was warranted in assuming that his counsel was doing all acts necessary to get his appeal before this court. If counsel desired to withdraw his representation of the defendant, even if warranted in so doing, it was his duty to advise defendant thereof sufficiently in advance of the time his brief was due to permit him to employ other counsel to prosecute the matter for him.

Rule 44 of the Rules of Professional Conduct adopted by the State Bar of South Dakota under authority contained in SDC 1960 Supp. 32.1122 provides as follows:

"The right of an attorney or counsel to withdraw from employment, once assumed, arises only from good cause. Even the desire or consent of the client is not always sufficient. The lawyer should not throw up the unfinished task to the detriment of his client except for reasons of honor or self-respect. If the client insists upon an unjust or immoral course in the conduct of his case, or if he persists over the attorney's remonstrance in presenting frivolous defenses, of if he deliberately disregards an agreement or obligation as to fees or expenses, the lawyer may be warranted in withdrawing on due notice to the client, allowing him time to employ another lawyer. So also when a lawyer discovers that his client has no case and the client is determined to continue it; or even if the lawyer finds himself incapable of conducting the case effectively. Sundry other instances may arise in which withdrawal is to be justified. Upon withdrawing from a case after a retainer has been paid, the attorney should refund such part of the retainer as has not been clearly earned."

The described circumstances we think constitute good cause for granting defendant additional time in which to serve his brief. Accordingly, the motion to dismiss will be denied.